IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD D. MORGAN,

                     Plaintiff,

  v.

JAMES T. RUNYON and TRACY WOOD

                     Defendants.

OPINION and ORDER

24-cv-797-jdp

---

Ronald D. Morgan, proceeding without counsel, alleges that both his trial and appellate counsel in his criminal case were ineffective. He names those attorneys as defendants, so the court infers that he means to proceed in a civil suit for damages. The court has granted him leave to proceed without prepayment of any portion of the filing fee. Dkt. 3.

The next step is to screen Morgan's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). When screening a complaint filed by a litigant proceeding without counsel, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But even under this lenient standard, Morgan must allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). A court may dismiss a complaint as frivolous where it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). I conclude that Morgan fails to state a plausible claim for relief that may be heard by this court, so I will dismiss his case.

ANALYSIS

Morgan alleges that at his criminal trial his counsel failed to object to hearsay testimony from the state's witnesses, failed to offer DNA or documentary evidence, and would leave the conference room during breaks in the trial to check on his illegally parked car. Morgan also alleges that his appellate counsel was unprepared and did not know the facts of his case. Morgan requests $874,000 and a "new fair trial" or that he be exonerated based on DNA evidence as relief for his counsel's ineffectiveness.

Generally, a plaintiff suing in federal court must show either that he is raising a federal claim, 28 U.S.C. § 1331, known as federal-question jurisdiction, or that he and the defendants are citizens of different states and that more than $75,000 is in controversy, 28 U.S.C. § 1332, known as diversity jurisdiction. Morgan's allegations do not support a federal claim because they concern the performance of his private attorneys. Malpractice claims concerning monetary damages from negligent performance of attorneys are generally state-law claims. Morgan appears to acknowledge that his complaint concerns a state-law claim because, in his complaint, he checked the box that says he is suing under state law. *See* Dkt. 1, at 5. Morgan alleges that both he and defendant James Runyon are citizens of Wisconsin, and I have no reason to think that the other named defendant, the law firm Tracy Wood & Associates, is a citizen of any state other than Wisconsin. So this court does not have diversity jurisdiction over Morgan's claims, and I will dismiss Morgan's claims for lack of subject matter jurisdiction.

As for Morgan's request for a new trial or exoneration, the court cannot grant such relief as a remedy in a civil lawsuit against attorneys who provided alleged ineffective assistance. A criminal defendant can challenge his conviction on the grounds that his counsel provided constitutionally deficient representation through a petition for a writ of habeas corpus in

federal court under 28 U.S.C. § 2254. But this court has already denied such a petition from Morgan concerning his allegations that his trial counsel provided ineffective assistance. *See Ronald David Morgan v. Cathy A. Jess*, 19-cv-796-jdp, Dkt. 21 (W.D. Wis. April 15, 2020).

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But "if it is clear that any amendment would be futile," I need not grant leave to amend. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Because Morgan seeks to bring state law claims against non-diverse defendants and relief that can be granted only through a writ of habeas corpus, they cannot be brought in a civil lawsuit before this court. I will dismiss Morgan's claims without leave to amend because further amendment would be futile.

ORDER

IT IS ORDERED that:

1. Plaintiff Ronald D. Morgan's complaint, Dkt. 1, is DISMISSED.

2. The clerk of court is directed to enter judgment in favor of defendants and close the case.

Entered June 30, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge